UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 15-5408-JFW (JCx)**                                     Date: July 24, 2015

Title:   Doris A. Johnson-Bennett -v- Select Portfolio Servicing, Inc., et al.

---

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**  **ORDER STRIKING BANK OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, PURSUANT TO F.R.C.P. 12(b)(6) [filed 7/23/15; Docket No. 12];**

**ORDER STRIKING DEFENDANT SELECT PORTFOLIO SERVICING, INC. AND HSBC BANK USA, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATE HOLDERS OF THE DEUTSCHE BANK ALT- A SECURITIES MORTGAGE LOAN TRUST 2007-AR1'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [filed 7/23/15; Docket No. 10]; and**

**ORDER REQUIRING ADDITIONAL MEET AND CONFER**

     Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  Local Rule 7-3.  Generally, this conference of counsel "shall take place at least seven (7) days prior to the filing of the motion."  *Id.*  "If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'"  *Id.*  In addition, the Court's Standing Order further provides:

>Counsel should discuss the issues with sufficient detail so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. . . . All 7-3 conferences shall take place via a communication method that, at a minimum, allows all parties to be in realtime communication (letters and e-mail, for example, do not constitute a proper 7-3 conference). . . . Within three days of the conference, counsel shall file a joint statement indicating the date, duration, and communication method of the conference. In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.

Standing Order [Docket No. 8] at ¶ 5(b).

On July 23, 2015, Defendant Bank of America, N.A. ("BofA") filed a Motion to Dismiss Plaintiff's Complaint, Pursuant to F.R.C.P. 12(b)(6) . BofA failed to comply with paragraph 5(b) of the Court's Standing Order and noticed the hearing on the motion in the wrong court. On July 23, 2015, Defendants Select Portfolio Servicing, Inc. and HSBC BANK USA, N.A., as Trustee on Behalf of the Certificate Holders of the Deutsche Bank Alt-A Securities Mortgage Loan Trust 2007-AR1 ("Select Portfolio") filed a Motion to Dismiss Complaint for Failure to State a Claim upon Which Relief Can Be Granted. Select Portfolio failed to comply with paragraph 5(b) of the Court's Standing Order.

As a result, the Court **STRIKES** B of A's Motion to Dismiss and Select Portfolio's Motion to Dismiss for failure to comply with paragraph 5(b) of the Court's Standing Order. If either BofA or Select Portfolio wish to re-file its Motion, counsel shall meet and confer with Plaintiff in person by **July 29, 2015**. Within 3 days of the meet and confer, each party shall file a declaration setting forth the issues resolved at the conference and those issues that were not resolved with a detailed explanation of why those issues could not be resolved. If a Motion remains necessary, neither BofA nor Select Portfolio shall file its respective Motion until 4 days after each party files the declaration required by this Order.

IT IS SO ORDERED.